WESTERN DISTRICT OF WISCONSIN
UNITED STATES DISTRICT COURT

NEDRA SADORF
2401 West Cedar Lane
River Hills, WI  53217

v.                                                                    Complaint No.:

DEMCO, Inc., awholly owned subsidiary of
WALL FAMILY ENTERPRISE, INC.
4810 Forest Run Road
Madison, WI 53704

And

WALL FAMILY ENTERPRISE, INC.
4810 Forest Run Road
Madison, WI  53704

## COMPLAINT

NEDRA SADORF, by her attorneys, Rebecca L. Salawdeh of Salawdeh Law Office, LLC and Lawrence Pope, for and as her Complaint against the above named Defendants, alleges, states and avers, and shows the Court as follows:

### NATURE OF THE ACTION

1. This is a civil action under the Equal Pay Act of 1963, 29 U.S.C. §201, *et seq.*. brought to redress injuries inflicted on the Plaintiff when she was compensated less in base salary, bonuses, and other benefits than the similarly situated male employee because of her sex, for substantially similar work.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

3. This Court has personal jurisdiction over this action because Defendants are corporations or other entities licensed to do business in Wisconsin and also regularly conduct business in the District.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2) because the Defendants are residents of the Western District of Wisconsin and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

5. Plaintiff, Nedra Sadorf, is an adult resident living at 2401 West Cedar Lane, River Hills, Wisconsin 53217. Plaintiff Sadorf is a woman.

6. Defendant, DEMCO, is a wholly owned subsidiary of Wall Family Enterprise and is organized and existing under the laws of Wisconsin, with its principal place of business located at 4810 Forest Run Road, Madison, WI 53704.

7. Defendant, Wall Family Enterprises, Inc. is a corporation, organized and existing under the laws of Wisconsin, with its principal place of business located at 4810 Forest Run Road, Madison, WI 53704.

8. At all relevant times, Defendants employed Plaintiff Sadorf in various capacities in their offices in Madison, Wisconsin.

## FACTUAL ALLEGATIONS

9. In 1992, Plaintiff Sadorf graduated from Wellesley College with a BA in International Relations.

10. After graduation, Plaintiff Sadorf became a Program Manager and Team Leader in the Navy Nuclear Propulsion Program. In this position, Plaintiff Sadorf led a team of junior analysts to develop, submit, and defend the Program's $700M annual budget. Plaintiff Sadorf also coordinated with technical managers responsible for work to develop direction, ensure appropriate and efficient work planning, and incorporate program requirements into long-term funding projections. Plaintiff Sadorf held this position for five years.

11. Plaintiff Sadorf then spent one year obtaining a Certificate in Chinese Language and Culture, while working as a Business Manager in Beijing, China.

12. In 2001, Plaintiff Sadorf graduated from University of Illinois at Urbana – Champaign with an MBA in Finance and Operations.

13. Upon graduating with her MBA, Plaintiff Sadorf started work for Lockheed Martin. In her final year with Lockheed, Plaintiff Sadorf managed the training program for airport security employees for the newly created Transportation Security Administration (TSA). This included managing multiple training programs for delivering training to over 55,000 students, in over 400 locations nationwide. Plaintiff Sadorf coordinated all aspects of the program, including financial, quality metrics, and training. She also coordinated the efforts of instructors and field management in five regions and 400 affiliated sites to integrate program and service

delivery of training. In this capacity, Plaintiff Sadorf led the successful competition for the $3B Homeland Security Training contract, and multiple successful task order contracts worth $50M.

14. From 2005 until 2012, Plaintiff Sadorf was employed as the Chief Operating Officer of Hunter Business Group. As such, Plaintiff Sadorf was responsible for designing and implementing effective business to business sales and marketing solutions with the goal of delivering tangible returns on investment for Hunter clients, including several Fortune 500 companies.

15. In September 2012, Plaintiff Sadorf was hired as the Vice President of Sales and Marketing by DEMCO, a wholly owned subsidiary of Wall Family Enterprises. In this position, Plaintiff Sadorf was responsible for the product management, creative services, digital marketing, business analytics, and sales functions for Demco's roughly $100M business.

16. In October 2014, Plaintiff Sadorf was promoted to the position of President of Defendant DEMCO.

17. Prior to Plaintiff Sadorf's promotion, Mike Grasee had been the President of Defendant DEMCO since 2008.

18. Prior to starting with Defendant DEMCO, Mr. Grasee had worked as the Senior Vice President for Land's End for two years and Vice President of Direct Marketing for American Girl for three and one-half years.

19. Prior to working for American Girl, Mr. Grasee worked as a Director in Retail Marketing for Strong investments for two and one-half years and as a Director for Land's End for eight and one-half years.

20. From 1987 until 1992, Mr. Grasee worked as an International Tax Manager for Deloitte.

21. Mr. Grasee received his Master of Business Taxation from the Carlson School of Management in 1990 and his Bachelors of Business Administration in Accounting from University of Wisconsin Eau Claire in 1987.

22. In January 2014, Mr. Grasee stepped down from the position of President for Defendant DEMCO due to health reasons. He was transferred to the position of Global Growth Officer for Defendant Wall Family Enterprises, Inc.

23. When Mr. Grasee stepped down, Plaintiff Sadorf was initially named Interim President for Defendant DEMCO in January 2014. In October, 2014, she was promoted to the position of President for Defendant DEMCO.

24. As Defendant DEMCO's President, Plaintiff Sadorf was initially paid a base salary of $251,695. She was also eligible for a bonus up to 50 percent of her base salary, depending on achieving identified performance targets. In addition, she was compensated with a retirement plan based on a percentage of her base salary.

25. One of Plaintiff Sadorf's responsibilities as DEMCO President was to create an annual budget. In doing so, Plaintiff Sadorf learned that in his final year, Mr. Grasee's base salary had been significantly more than her own base salary as President.

26. Plaintiff Sadorf subsequently learned that Mr. Grasee had been hired as President at a salary that was also significantly more than her own base salary as President. In addition, Plaintiff Sadorf's base salary was frozen for her entire tenure with Defendant DEMCO, while Mr. Grasee received an approximate 13 percent increase in his base salary during his tenure as President.

27. As President, Plaintiff Sadorf had the same job description as did Mr. Grasee.

28. As President, Plaintiff Sadorf was evaluated by the substantially the same metrics as Mr. Grasee had been.

29. As President, Plaintiff Sadorf reported to the CEO of Defendant Wall Family Enterprise as had Mr. Grasee.

30. As President, substantially the same positions reported to Plaintiff Sadorf as had reported to Mr. Grasee.

31. As President, Plaintiff Sadorf had substantially the same job responsibilities as did Mr. Grasee.

32. On multiple occasions throughout her tenure as President, Plaintiff Sadorf contacted Sandy Brandmeier, Chief Executive Officer of Defendant Wall Family Enterprise, and Donna Horowitz, Global Organization Development and Human Resources Officer of Defendant Wall Family Enterprise, to discuss the disparity in her pay as compared to Mr. Grasee and the decision to freeze her salary. Both Ms. Brandmeier and Ms. Horowitz advised Plaintiff Sadorf that her salary was fixed based on direction they received from the Compensation Committee.

33. Upon information and belief, the Compensation Committee is comprised of Defendant Wall Family Enterprise Board members. At all relevant times, the Defendant Wall Family Enterprise Board and the Compensation Committee have been majority male members.

34. In January 2019, after years of being compensated at a lower base salary than her male predecessor, Plaintiff Sadorf chose to leave Defendant DEMCO's employment.

## CLAIM FOR RELIEF
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT OF 1938, AS AMENDED BY THE EQUAL PAY ACT OF 1963
## DENIAL OF EQUAL PAY FOR EQUAL WORK
## 29 U.S.C. §206(d) *et. seq.*

35. Plaintiff hereby incorporates and realleges each and every preceding paragraph of this Complaint as if the same were set forth at length herein.

36. This cause of action is brought by Plaintiff Sadorf, individually. Plaintiff Sadorf is an "employee" within the meaning of 29 U.S.C. §203(e).

37. Defendant DEMCO is an "employer" within the meaning of 29 U.S.C. §203(d).

38. Defendant Wall Family Enterprise is an "employer" within the meaning of 29 U.S.C. §203(d).

39. Defendants DEMCO and Wall Family Enterprise have discriminated against Plaintiff Sadorf in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §206(d), *et. seq.*, as amended by the Equal Pay Act of 1963 ("EPA"), by providing her with lower compensation than the similarly situated male predecessor even though Plaintiff Sadorf performed substantially similar duties requiring the same skill, effort, and responsibilities of her male predecessor and were performed under similar working conditions.

40. Defendants DEMCO and Wall Family Enterprise discriminated by subjecting Plaintiff Sadorf to discriminatory pay policies, including discriminatory base salaries, raises, bonuses, retirement pay, and other forms of compensation.

41. The differential in pay between Plaintiff Sadorf and her male predecessor was not due to seniority, merit, quantity of production, quality of production, but was due to sex.

42. Defendants DEMCO and Wall Family Enterprise caused, attempted to cause, contributed to, or caused the continuation of, the wage rate discrimination based on sex in violation of the EPA.

43. The foregoing conduct constitutes a willful violation of the EPA within the meaning of 29 U.S.C. §255(a). Because Defendants DEMCO and Wall Family Enterprise willfully violated the EPA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. §255(a).

44. As a result of Defendants DEMCO's and Wall Family Enterprise's conduct, Plaintiff Sadorf has suffered and will continue to suffer harm, including, but not limited to: lost earnings, lost benefits, and other financial loss, as well as non-economic damages.

45. By reason of Defendants DEMCO's and Wall Family Enterprise's discrimination, Plaintiff Sadorf is entitled to all legal and equitable remedies available for violations of the EPA including liquidated damages for all willful violations, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a. Enter judgment in favor of Plaintiff Sadorf and against Defendants, DEMCO and Wall Family Enterprise, jointly and severally;

b. Declare and adjudge that Defendants DEMCO's and Wall Family Enterprise's employment policies, practices and/or procedures challenged herein are illegal and in violation of the rights of Plaintiff Sadorf;

c. Order Defendants DEMCO and Wall Family Enterprise to initiate and implement systems of compensating women in a non-discriminatory manner;

d. Award back pay, lost benefits, and other damages for lost compensation and job benefits with pre-judgement and post judgment interest suffered by Plaintiff Sadorf, in amounts to be determined at trial;

e. Award Plaintiff Sadorf an additional amount equal to her lost earnings and benefits as liquidated damages;

f. Award litigation costs and expenses, including but not limited to, reasonable attorneys' fees to Plaintiff Sadorf;

g. Award any other appropriate equitable relief to Plaintiff Sadorf;

h. Award any other relief as this Court may deem just and proper.

Dated: March 12, 2019.

Salawdeh Law Office, LLC

s/ *Rebecca L. Salawdeh*
Rebecca L. Salawdeh
7119 W. North Avenue
Wauwatosa, WI 53213
T: 414-455-0117
F: 414-918-4517
E: rebecca@salawdehlaw.com

s/*Lawrence S. Pope*
Lawrence S. Pope
2401 West Cedar Lane
River Hills, WI 53217
T: 312-752-0725
E: lawrences2005@yahoo.com